UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 25-24363-CIV-CANNON

**ALFREDO NUNES RIBEIRO**,

    Petitioner,

v.

**GARRETT J. RIPA**, *et al.*,

    Respondents.
_____/

## ORDER DISMISSING EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon Petitioner Alfredo Ribeiro's Emergency Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (the "Petition") [ECF No. 1]. Petitioner is an immigration detainee in removal proceedings who is currently held at Krome North Service Processing Center ("Krome") in Miami, Florida [ECF No. 1 p. 1; ECF No. 6 pp. 3–4 (citing ECF No. 6-9)]. Petitioner challenges the conditions of his confinement at Krome, specifically alleging that he has not received medications for his liver transplant and that he is currently "housed in inhumane conditions" [ECF No. 1 p. 1]. Petitioner also argues that his transfer to Krome from FCI Berlin in New Hampshire was "arbitrary and abusive," in violation of the Administrative Procedures Act [ECF No. 1 p. 6]. Petitioner seeks a court order requiring Respondents to provide him with his medications and either release him on parole or transfer him back to FCI Berlin [ECF No. 1 p. 4]. In Opposition, Respondents argue that Petitioner's challenge to the "conditions of confinement" is not cognizable under 28 U.S.C. § 2241; that this Court lacks jurisdiction to review discretionary decisions regarding where an alien is detained [ECF No. 6 pp. 11–12, 16–18]; and that Petitioner, on the merits, is receiving constitutionally appropriate

1

medical care (including the medications he has requested related to his liver transplant), as reflected in voluminous medical records [ECF No. 6 pp. 12–16; ECF No. 6-19].

Upon review, Petitioner's conditions-of-confinement claim is **DISMISSED** as improperly brought in habeas, and Petitioner's challenge to the Attorney General's decision to transfer his confinement to this district is dismissed for lack of jurisdiction.

\*\*\*

An immigration detainee is permitted to seek federal relief through two primary avenues: a petition for writ of habeas corpus or a civil rights complaint. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (quoting *Hill v. McDonough*, 547 U.S. 573, 579 (2006)). The Eleventh Circuit has made clear that such claims are mutually exclusive. *See Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 865 (11th Cir. 2017). In other words, "if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate . . . civil rights action." *Hutcherson*, 468 F.3d at 754 (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004)).

The line between a civil rights action and a habeas claim "is based on the effect of the claim" on Petitioner's detention. *Hutcherson*, 468 F.3d at 754. When an immigration detainee challenges the "circumstances of his confinement," the claim should be raised as "a civil rights action." *Id.* (quoting *Hill*, 547 U.S. at 579); *see also Mitschell v. Donald*, 213 F. App'x 920, 923 (11th Cir. 2007). Alternatively, when a detainee challenges "the validity of" or "lawfulness of" his confinement, or the "particulars affecting its duration," "his claim falls squarely within 'the province of habeas corpus.'" *Hutcherson*, 468 F.3d at 754 (citing *Hill*, 547 U.S. at 579); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . requests for relief turning on circumstances of confinement may be presented in a § 1983 action." (internal citation omitted)); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Petitioner's allegations are properly brought as a civil rights action pursuant to Section 1983, not in a habeas petition. He states that, while confined at Krome, he has been "housed in inhumane conditions" and deprived of medications "essential to prevent" the rejection of his transplanted liver [ECF No. 1 pp. 1, 4–6]. But a habeas petition under § 2241 petition is not the appropriate vehicle for raising that type of legal challenge, which targets the conditions of Petitioner's confinement—not the "fact or duration of that confinement," *Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) (citing *Nelson*, 541 U.S. at 644), or "the validity of" or "lawfulness of" his confinement, *Hutcherson*, 468 F.3d at 754; *see also Vaz*, 634 F. App'x at 781; *Nichols v. Riley*, 141 F. App'x 868, 868–69 (11th Cir. 2005).

To the extent Petitioner also purports to challenge his transfer to Krome as a violation of the Administrative Procedure Act ("APA") [ECF No. 1 p. 6], the Court lacks authority to review discretionary decisions regarding appropriate places of detention.

The APA "provides a right to judicial review of all 'final agency action[s] for which there is no other adequate remedy in a court.'" *Bennet v. Spear*, 520 U.S. 154, 175 (1997) (quoting 5 U.S.C. § 704). However, the APA "expressly excepts review under its provisions where 'statutes preclude judicial review,' or 'agency action is committed to agency discretion by law.'" *Perez v. U.S. Bureau of Citizenship & Immigr. Servs.* (USCIS), 774 F.3d 960, 965 (11th Cir. 2014) (quoting 5 U.S.C. § 701(a)). That is the case here; 8 U.S.C. § 1252(a)(2)(B) provides, in relevant part, that "no court shall have jurisdiction to review" a decision or action of the Attorney General or the Secretary of Homeland Security "the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security," 8 U.S.C. 1252(a)(2)(B). For that reason, the Eleventh Circuit has recognized that the Immigration and Nationality Act prohibits judicial review "of discretionary decisions or actions of the Attorney General or DHS Secretary," *Perez*, 774 F.3d at 965 (citing *Mejia Rodriguez*, 562 F.3d at 1143)—

including discretionary decisions regarding appropriate places of detention, *see* 8 U.S.C. § 1231(g)(1) (directing Attorney general to "arrange for appropriate places of detention for aliens detained pending removal or a decision on removal"); 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General . . . regarding the detention of any alien. . . ."); *see also Guerra-Castro v. Parra*, Case No. 25-cv-22487, 2025 WL 1984300, at *2–3 (S.D. Fla. Jul. 17, 2025). The Court thus lacks authority to review Petitioner's transfer-based challenge to the location of his detention. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (observing that federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree" (internal citations omitted)).

\*\*\*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Emergency Petition for Writ of Habeas Corpus [ECF No. 1] is **DISMISSED**.[1]

2. No certificate of appealability shall issue. No "jurists of reason" could debate the correctness of this Court's procedural ruling as to Petitioner's conditions-of-confinement claim, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and the Court lacks jurisdiction to issue a certificate of appealability over Petitioner's challenge to his transfer to Krome.

3. All pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

4. The Clerk is instructed to mail a copy of this Order to Petitioner at the address listed below and thereafter file a Notice of Compliance.

5. The Clerk is directed to **CLOSE** the case.

---

[1] Although the merits of Petitioner's medical conditions are not properly before this Court, the Court notes that Petitioner's asserted medical emergency does not warrant emergency relief for the reasons provided by the United States [ECF No. 6 pp. 15–16; ECF No. 6-19].

CASE NO. 25-24363-CIV-CANNON

**ORDERED** in Chambers in Fort Pierce, Florida, this 22nd day of October 2025.

*[signature]*

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:  **Alfredo Nunes Ribeiro,** *pro se*
A-205899011
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, Florida 33194

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov

**Jennifer Andrade**
DOJ-USAO
99 N.E. 4th Street
Suite 300
Miami, Florida 33132
Email: jennifer.andrade@usdoj.gov